**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————————

No. 24-10099

Non-Argument Calendar

————————————————

GEORGE LEE CLARK,

*Plaintiff-Appellant,*

*versus*

DR. EBEN ALEXANDER, III,

SIMON AND SCHUSTER, INC.,

AMAZON.COM, INC.,

PROMETHEUS ENTERTAINMENT,

*Defendants-Appellees.*

————————————————

Appeal from the United States District Court

for the Northern District of Georgia

D.C. Docket No. 1:23-cv-01306-MHC

————————————————

Before BRANCH, LUCK, and ANDERSON, Circuit Judges.

PER CURIAM:

George Lee Clark appeals the district court's dismissal of his complaint for failure to state a claim. After careful review, we affirm.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Clark sued Dr. Eben Alexander, III, publishers Amazon.com, Inc. and Simon and Schuster, Inc., and production company Prometheus Entertainment, for infringement of Clark's 2007 copyrighted written work, *Heaven's Pen*,[1] in violation of 17 U.S.C. sections 106 and 504. (We'll refer to the defendants together as Dr. Alexander.) Specifically, Clark alleged that Dr. Alexander's 2012 bestselling book, *Proof of Heaven*, is a "[misappropriated] derivative work" of *Heaven's Pen* that "incorporates paraphrasing and direct copyright infringement."[2] Clark did not provide a certified copy of either work. Instead, he referenced both works and listed what he believed to be their "shared concepts, aspects, and [ideas.]"

Dr. Alexander moved to dismiss Clark's complaint for failure to state a claim. He argued that Clark did not allege facts showing that *Heaven's Pen* and *Proof of Heaven* were substantially similar. Dr. Alexander also asserted that Clark did not allege a viable claim against Prometheus Entertainment because the production

---

[1] The copyright registration number Clark alleged—TXU001339077—was for a work entitled *Heaven's penn*. But we will refer to Clark's work as *Heaven's Pen* because that's what he alleged in the complaint.

[2] Clark also mentioned the False Claims Act once in his complaint but did not explain how it relates to his claims.

24-10099                Opinion of the Court                3

company took no part in creating or distributing *Proof of Heaven*. Instead, Prometheus Entertainment created one episode of a television show, *The UnXplained*, that featured Dr. Alexander's brief description of his perceived afterlife experience.  Neither the television show nor its similarities to *Heaven's Pen* were mentioned in the complaint.

In his motion, Dr. Alexander attached a copy of his book, *Proof of Heaven*.  He also attached a copy of  *Heaven's Pen*, which appears to be a twenty-eight-page outline or summary of an unfinished fiction novel.  After Clark questioned the authenticity of the copy of *Heaven's Pen* in his opposition to the motion to dismiss, Dr. Alexander provided a copy authenticated by the U.S. Copyright Office with his reply.

The district court dismissed Clark's complaint with prejudice.  First, after comparing *Heaven's Pen* and *Proof of Heaven*, the district court concluded that the two works were not substantially similar.  The two works differed, the district court explained, in plot, characters, setting, and pace.  Second, even if the works were substantially similar, the district court wrote, Clark did not identify any copyrightable elements of *Heaven's Pen* that were used in *Proof of Heaven*.  Instead, the alleged similarities in the complaint were "commonplace ideas and themes throughout media depictions of heaven, paradise, or idyllic scenes generally."

Clark appeals the dismissal of his complaint.

## STANDARD OF REVIEW

We review de novo a district court's dismissal of a complaint for failure to state a claim, accepting the factual allegations in the complaint as true and construing them in the light most favorable to the plaintiff. *Almanza v. United Airlines, Inc.*, 851 F.3d 1060, 1066 (11th Cir. 2017).

## DISCUSSION

On appeal, Clark argues that the district court erred in dismissing his copyright infringement claim.[3] To establish a claim for copyright infringement, Clark had to allege plausible facts showing (1) "ownership of a valid copyright," and (2) "copying of constituent elements of the work that are original." *Compulife Software, Inc. v. Newman*, 111 F.4th 1147, 1156 (11th Cir. 2024) ("*Compulife II*"). Because it is undisputed that Clark registered *Heaven's Pen* with the U.S. Copyright Office in 2007, we, like the district court, focus on the copying element.

The copying element has two subparts: factual copying and

---

[3] Clark listed additional issues in his initial brief, including whether the district court erred in disregarding his False Claims Act claim and whether the district court violated his due process rights. And he briefly mentioned *The UnXplained* television episode. But Clark failed to address these issues, provide supporting arguments, or cite to relevant authority. Because Clark "ma[de] only passing references to [these issues] or raise[d] [them] in a perfunctory manner without supporting arguments and authority," he has abandoned them on appeal. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014).

legal copying.  *Compulife Software, Inc. v. Newman*, 959 F.3d 1228, 1301 (11th Cir. 2020) (*"Compulife I"*).  To establish factual copying, Clark had to show that Dr. Alexander "had access to the copyrighted work and that there are probative similarities between the allegedly infringing work and the copyrighted work."  *Id.*  For purposes of this appeal, Dr. Alexander does not dispute that he had access to *Heaven's Pen*.  Instead, the parties dispute whether *Heaven's Pen* and *Proof of Heaven* were substantially similar.

Two works are substantially similar when the "average lay observer would recognize the alleged copy as having been appropriated from the original work."  *Calhoun v. Lillenas Publ'g*, 298 F.3d 1228, 1232 (11th Cir. 2002) (internal quotation and citation omitted).  In evaluating whether two works are substantially similar, we look to several of their features, including "plot, . . . characterization, pace, and setting."  *Beal v. Paramount Pictures Corp.*, 20 F.3d 454, 460 (11th Cir. 1994).

Having reviewed these features, we agree with the district court that *Proof of Heaven* and *Heaven's Pen* are not substantially similar.  First, as to plot, *Heaven's Pen* is a fictional story about a child of heaven being sent to Earth as punishment to learn about unconditional love whereas *Proof of Heaven* is an autobiography of a doctor's life before, during, and after falling into a coma, including his perception of the afterlife during his near-death experience.  Second, the characters in *Proof of Heaven* are not similar to the characters in *Heaven's Pen*.  Third, while both works at times take place in heaven, *Proof of Heaven* also takes place in Virginia, North Carolina,

and the underworld whereas *Heaven's Pen* focuses on describing heaven.  Finally, the pacing of *Heaven's Pen* is a progressing linear narrative while *Proof of Heaven* jumps quickly between life before, during, and after Dr. Alexander's coma.

Clark also failed to allege legal copying.  To establish legal copying, Clark had to show that *Proof of Heaven* copied protected expression in *Heaven's Pen*.  *See Compulife II*, 111 F.4th at 1156. Noncopyrightable material includes "general themes[,]" "broad ideas[,]" and "'*scènes à faire*'—stock scenes that naturally flow from a common theme."  *Beal*, 20 F.3d at 459–60.

Again, we agree with the district court that any similarities between *Heaven's Pen* and *Proof of Heaven*—such as "heaven is the origin, the depictions of music and drumbeats, the presence of primordial creatures and landscapes, flight, an emphasis on unconditional love, . . . rainbows, and welcoming vegetation"—were merely "depictions of afterlife-related elements or heaven itself and are classic *scènes à faire*" that are not copyrightable.  The similarities between the two works were common ideas and themes about heaven that were noncopyrightable material.

Clark argues that the district court erred in not adequately considering the similarities he listed in his complaint.  But we have explained that "such lists are inherently subjective and unreliable, particularly where the list contains random similarities."  *Beal*, 20 F.3d at 460 (internal quotations and citation omitted).  Additionally, the district court's in-depth "analysis amply demonstrates that some of the [claimed] similarities consist of noncopyrightable

elements, while others cannot fairly be considered similarities." *See id.*

To the extent Clark contends that the district court erred in dismissing his case with prejudice, we also reject this argument. We have held that a pro se plaintiff must have "at least one chance to amend the complaint before the district court dismisses the action with prejudice—at least, that is, where a more carefully drafted complaint might state a claim." *Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1132 (11th Cir. 2019) (internal quotations and citations omitted). Here, Clark amended his complaint once. Moreover, additional amendments would be futile because, as we have explained, *Heaven's Pen* and *Proof of Heaven* were not substantially similar. Even if Clark amended his complaint, he could not state a viable copyright infringement claim. *See id.* at 1133.

## CONCLUSION

The district court properly dismissed Clark's complaint with prejudice. Thus, we affirm.[4]

**AFFIRMED**.

---

[4] All pending motions are DENIED.